# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | | |
|---|---|---|
| BUNCOMBE COUNTY, NORTH CAROLINA, individually and on behalf of all those similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:22-cv-00420-DCLC-DCP |
| v. | ) ) | |
| TEAM HEALTH HOLDINGS, INC., AMERITEAM SERVICES, LLC, and HCFS HEALTH CARE FINANCIAL SERVICES, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |
| CITY OF PLAQUEMINE, individually and on behalf of all those similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:23-cv-00111-DCLC-DCP |
| TEAM HEALTH HOLDINGS, INC., AMERITEAM SERVICES, LLC, and HCFS HEALTH CARE FINANCIAL SERVICES, LLC, | ) ) ) ) ) | |
| Respondents. | ) | |

**DEFENDANTS' REQUEST FOR IN PERSON CONFERENCE TO ADDRESS SCHEDULING AND CONSOLIDATION OF CASES FOR CLASS DISCOVERY PURPOSES**

Defendants TeamHealth Holdings, Inc., AmeriTeam Services, LLC, and Health Care Financial Services, LLC (collectively, "Defendants") respectfully request that the Court convene a joint in-person conference in the above-captioned cases to address scheduling matters, including

the merits of the potential consolidation of the cases for purposes of class certification discovery and the streamlining of the discovery process.[1]

These cases are nearly identical putative class actions against the same Defendants, arising from the same alleged facts, and asserting the same causes of action on behalf of the same putative classes. Pursuant to Federal Rule of Civil Procedure 42(a), as well as this Court's inherent discretion to manage its docket, Defendants assert that consolidating these cases—at least initially for purposes of class action discovery—will streamline discovery for both matters, increase efficiency, and avoid needless duplication, burden, and expense. Defendants believe that an in-person conference will allow for a robust discussion of the issues impacting potential scheduling and coordination of discovery in these cases. Should the Court feel that the consolidation topic requires briefing, Defendants further propose the development of a briefing schedule and scheduling of an in-person hearing to occur upon completion of briefing.

Defendants have conferred with opposing counsel regarding the request for a joint conference and have proposed a protocol for consolidating the cases for class discovery purposes. As set out in further detail below, Plaintiff Buncombe County opposes both the request for a joint in-person conference and Defendants' discovery consolidation proposal. Plaintiff Plaquemine does not oppose the request for a joint in-person conference and has not yet taken a position on Defendants' proposal to consolidate the cases for class discovery purposes.

## BACKGROUND

The *Buncombe County* and *Plaquemine* actions are two of several putative class actions

---

[1] While Defendants and Plaquemine are available for an in-person conference at 3:30 p.m. EST on May 8, 2024—which the Court has already set aside for a telephonic status conference in *Buncombe County*—Buncombe County has said it is not available to attend in person at that time. Therefore, if the Court is inclined to convene a joint in-person conference, Defendants request that it occur on a different date and time convenient to the Court and all Parties.

that have been filed in this Court over the last several years. Each case has asserted nearly identical causes of action—including alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), conspiracy to violate RICO, unjust enrichment, and declaratory relief—arising out of Defendants' purported "upcoding" of claims for emergency medical services. The first of these lawsuits was the *Louisiana Municipal Risk Management Agency* ("*LMRMA*") case, filed on March 21, 2022. *LMRMA*, No. 22-cv-00104. In that case, LMRMA was represented by the Parker & Crofford, Wallace & Graham, Varnell & Warwick, Lemmon Law, and Milberg firms. The Court dismissed the LMRMA case for lack of standing on November 18, 2022. A nearly identical case filed on behalf of Risk Management, Inc.—an entity affiliated with LMRMA, and represented by the same set of five firms—was similarly dismissed for lack of standing on March 29, 2024. *See RMI*, No. 22-cv-00456.

The *Buncombe County* and *Plaquemine* actions were filed on November 22, 2022, and March 29, 2023, respectively. *See Buncombe County*, No. 22-cv-00420; *Plaquemine*, No. 23-cv-00111. Unlike the *LMRMA* and *RMI* actions, however, Buncombe County is represented by Parker & Crofford, Wallace & Graham, Varnell & Warwick, and Higgins Benjamin (and not Lemmon Law or Milberg). Plaquemine, in contrast, is represented by Lemmon Law and Milberg (and not any of the firms representing Buncombe County).

On January 17, 2024, the Court issued an Order in *Buncombe County* denying Defendants' Motion to Dismiss [Doc. 34], Motion to Strike [Doc. 37], and Motion to Stay Discovery [Doc. 40]. *See* Order [Doc. 50]. On February 8, 2024, the Parties in that case submitted a Joint Rule 26(f) Report with a proposed bifurcated discovery schedule—similar to the schedule that the Court had ordered in *LMRMA* prior to dismissal—calling for discovery on class certification issues before discovery on the merits. [Doc. 52]. The Parties' Report included some disagreements over certain

of those class discovery deadlines. On March 27, 2024, the Parties filed a motion requesting that the Court schedule a status conference and proposing a new set of compromise scheduling deadlines. [Doc. 53]. At the time of these filings, Defendants' initial dispositive motions in *Plaquemine* were still pending.

On March 29, 2024, the Court issued orders in *Plaquemine* denying Defendants' Motion to Dismiss [Doc. 27], Motion to Strike [Doc. 29], and Motion to Stay Discovery [Doc. 31]. *See* Orders [Doc. 44, 45]. The Parties in the *Plaquemine* case have discussed discovery matters but have not yet submitted a Rule 26(f) Report.

On March 23, 2024, the Court granted the Parties' request for a status conference in *Buncombe County* and set a telephonic hearing for May 8, 2024, at 3:30 p.m. EST. In light of the Court's intervening orders denying Defendants' preliminary dispositive motions in *Plaquemine*, and as set out further in this motion, Defendants now request that the Court convert that setting (or an alternative one at a later date) into a joint in-person conference in *Buncombe County* and *Plaquemine* to address joint scheduling and consolidation of the cases for class certification purposes.

## ARGUMENT

"If actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The Court "enjoy[s] substantial discretion in deciding whether and to what extent to consolidate cases." *Hall*, 138 S. Ct. at 1131; *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). Similarly, all of the Federal Rules of Civil Procedure, including Rules 23, 26, and 42, "are subject to the injunction of Rule 1 that they 'be construed to secure the just, speedy, and inexpensive determination of every action." *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (quoting Fed. R. Civ. P. 1). To achieve those

goals, federal courts may "exercise appropriate control over the discovery process," *id.*, and may "exercise control over . . . class actions[,] and [] enter appropriate orders governing the conduct of counsel and parties[,]" *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981).

As the Parties agreed previously in *LMRMA* and in the proposed discovery schedule submitted in *Buncombe County* prior to the Court's rulings in *Plaquemine*, Defendants have proposed bifurcation of discovery to address class certification issues before discovery on the merits of the case. *See, e.g.*, 1 *McLaughlin on Class Actions* § 3:10 (20th ed., Oct. 2023 Update) ("Because many putative class actions will not proceed as individual actions if class certification is denied, interests of cost and resource efficiency often support formally deferring full-blown merits discovery until class certification is decided.").

Given the near complete overlap of factual and legal issues impacting each Plaintiffs' request to certify identical classes in these actions, Defendants have also proposed to consolidate the cases for purposes of class action discovery. Consolidating—at least initially for class discovery purpose[2]—will streamline discovery in the two actions and avoid the needless duplication, burden, and expense that would result from Defendants having to engage in simultaneous discovery in each of these cases. *See Dudenhoefer v. Fifth Third Bancorp*, No. 1:08-CV-538, 2009 WL 10678974, at *1-3 (S.D. Ohio Mar. 16, 2009) (consolidating class actions "for discovery purposes only" that were "based on overlapping facts" and "largely cover[ed] the same class period"); *Bendzak v. Midland Nat. Life Ins. Co.*, 240 F.R.D. 449, 450 (S.D. Iowa 2007) (consolidating competing RICO and unjust enrichment class actions where each case involved "essentially identical or overlapping claims and involves common issues of law and fact").

---

[2] At this time, Defendants do not seek full consolidation of *Buncombe County* and *Plaquemine* under a single caption for all purposes, including class certification hearings, merits discovery and trial. However, Defendants reserve the right to argue for such further consolidation, in whole or in part, as the cases progress.

On April 9, 2024, Defendants informed Buncombe County of Defendants' position that consolidation of the cases for class discovery purposes should be addressed before any other discovery matters, to avoid needless duplication and burden. Following discussions between the parties on that issue, Defendants proposed a specific protocol for such consolidation to Buncombe County and Plaquemine on April 29, 2024. Defendants also informed the Plaintiffs that, in light of the upcoming May 8 status conference in *Buncombe County*, Defendants intended to seek a joint in-person conference on that date (or another date convenient to Plaintiffs) so that the Parties and the Court could address these issues in the most efficient manner possible.

Plaquemine does not oppose Defendants' request for an in-person conference to address scheduling, bifurcation, and consolidation of the cases for class discovery purposes. Buncombe County takes the following position, which it requested be inserted into this submission:

> Plaintiff Buncombe County opposes the request for a joint in-person conference and opposes consolidation of the cases.
>
> Buncombe County opposes Defendants' discovery consolidation proposal, and opposes formal consolidation of the cases for any purposes.
>
> The Buncombe County Plaintiff opposes changing the conference from being telephonic to in-person, as key attorneys on the County's team have travel and other commitments that make it impossible for them to physically be in Knoxville[3] on that day, and they had relied on the docket entry dated April 23, 2024 reflecting it would be a telephonic conference.

For all the reasons set out above, Defendants respectfully request a joint in-person conference to address bifurcation of discovery into class and merits phases, potential scheduling dates for the class discovery phase, specific mechanisms to govern any such consolidated discovery, and any other topic that the Court believes will facilitate the efficient progression of

---

[3] Defendants understand that it is this Court's custom and practice for in-person proceedings for Northern Division matters assigned to this Court to take place at the Northeastern Division Courthouse at 220 West Depot Street, Greeneville, Tennessee 37743 rather than the Knoxville Courthouse.

these class actions. Among other issues, for example, Defendants seek to address the following potential principles that could apply to consolidated discovery (and which Defendants have proposed for Plaintiffs' consideration):

1. A single schedule that would apply to both cases for class certification discovery.

2. The Parties shall work together to negotiate single forms of a protective order and a protocol for the collection, review, and production of electronically-stored information ("ESI") for entry in the cases.

3. Plaintiffs shall coordinate written discovery requests issued to Defendants to avoid duplication and unnecessary burden. Written discovery requests and responses shall be served on all Parties.

4. Written discovery responses served in either action may be used in the other action as if served in that action.

5. To the extent a discovery request issued to any Party calls for the production of ESI, the Parties shall coordinate and cooperate, consistent with their anticipated ESI Protocol, on (i) the identity and role of custodians from which documents will be obtained for the production; (ii) the identity, scope and format of custodial and non-custodial sources from which documents will be considered for production. The Parties shall use best efforts to avoid needless duplication and burden in connection with the collection, review, and production of ESI.

6. Documents and data produced in either action may be used in the other action as if produced in that action (consistent with the Federal Rules of Evidence).

7. The default limit of 10 depositions per side, pursuant to Federal Rule of Civil Procedure 30, shall apply in a single manner to the *Buncombe County* and

*Plaquemine* cases absent stipulation of the Parties or Court order. For clarity, the Plaintiffs in *Buncombe County* and *Plaquemine* shall collectively be entitled to a total of 10 depositions absent stipulation or Court order. Defendants in *Buncombe County* and *Plaquemine* shall collectively be entitled to a total of 10 depositions absent stipulation or Court order.

8. No Party or witness shall be deposed more than once in these cases absent stipulation or Court order.

9. Any Party may attend any deposition noticed by any other Party. A Party who wants to depose a person by oral questions at a deposition must give reasonable written notice to every other Party.

10. The default limit of 7 hours per deposition shall apply to all depositions absent stipulation or Court order. If more than one Plaintiff notices the deposition of a single witness, the Plaintiffs shall coordinate on an agreed apportionment of time for each Plaintiff to depose the witness, not to exceed 7 hours collectively.

11. Testimony from depositions taken in either action may be used in the other action as if taken in that action.

Defendants believe that a joint, in-person conference would be the most efficient approach to working through these issues and any others impacting initial case management that the Court would like to address. Given the position of Buncombe County's counsel that they are not available for an in-person conference on May 8, Defendants are agreeable to scheduling such conference at any other time convenient to the Court and Parties. Should the Court prefer to proceed with the May 8 conference telephonically, Defendants will of course make themselves

available to do so, and request that the issue of consolidation be included in the conference discussions.

Respectfully submitted,

/s/ Gary C. Shockley
Gary C. Shockley (BPR 010104)
Caldwell G. Collins (BPR 028452)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
(615)726-5704 (phone)
(615)744-5704 (fax)
gshockley@bakerdonelson.com
cacollins@bakerdonelson.com

Nora A. Koffman (BPR 038025)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ
602 Sevier Street, Suite 300
Johnson City, TN 37604
(423)928.0181(phone)
(423)928.5694 (fax)
nkoffman@bakerdonelson.com

Matthew S. Mulqueen (BPR 028418)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901)526.2000 (phone)
(901)577.2303 (fax)
mmulqueen@bakerdonelson.com

*Attorneys for Defendants*