UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BUNCOMBE COUNTY,                          )
NORTH CAROLINA, individually, and on      )
behalf of all those similarly situated,   )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )          No. 3:22-cv-420-DCLC-DCP
                                          )
TEAM HEALTH HOLDINGS, INC., *et al.*,     )
                                          )
            Defendants.                   )
_____
                                          )
CITY OF PLAQUEMINE, individually and      )
on behalf of those similarly situated,    )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )
                                          )
TEAM HEALTH HOLDINGS, INC., *et al.*,     )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court,

and Standing Order 13-02.

Now before the Court is the Joint Status Report [Doc. 90], filed by Plaintiff Buncombe

County and Defendants Team Health Holdings, Inc. ("TeamHealth"), Ameriteam Services, LLC,

and HCFS Health Care Financial Services, LLC.[1] By way of background, on November 20, 2024,

Plaintiff Buncombe County filed a consent motion, requesting that the Court place under seal its

previously filed Memorandum in Support of its Motion to Compel ("Memorandum") [Doc. 85].

For grounds, Plaintiff Buncombe County states that Defendants designated information on page 4

_____

[1] The status report states that Plaintiff City of Plaquemine consents to Plaintiff Buncombe
County's position therein [Doc. 90 p. 1].

as confidential [*Id.* at 2].  The Court placed the Memorandum under seal provisionally, pending the parties' joint status report on the two redactions therein [Doc. 87].  For the reasons set forth below, the Court **HOLDS IN ABEYANCE** whether the Memorandum should remain sealed.

## I.    ANALYSIS

The parties dispute whether the Memorandum should be sealed to protect the confidentiality of two redactions [Doc. 90].  The two redactions consist of the approximate amounts Plaintiff Buncombe County paid on medical bills [*See* SEALED Doc. 86].  According to Plaintiff Buncombe County, "It is some of the most basic information in this case: what [Plaintiff Buncombe County] paid on examples of the fraudulently upcoded bills" [Doc. 90 p. 2].  It asserts that "the information is disclosed to the plan participant by means of an Explanation of Benefits ('EOB') form, undercutting any contention that it is somehow a trade secret" [*Id.* (citation omitted)].  Plaintiff Buncombe County states that its employees visited emergency rooms, and thereafter, their medical charts were sent to Defendant TeamHealth to code the medical services [*Id.* at 3].  The bills then went to Plaintiff Buncombe County's third-party administrator ("TPA"), Blue Cross and Blue Shield of North Carolina ("Blue Cross NC") [*Id.*].  Thereafter, Plaintiff Buncombe County paid the amounts, which were "based on the contract between Defendants (through their affiliates Southeastern Emergency Physicians ('SEP') and Emergency Coverage Corporation ('ECC')) and Blue Cross NC" [*Id.* at 4].  Calling the redactions "basic factual information[,]" Plaintiff Buncombe County asserts that Defendants cannot meet their burden to show that the information should be sealed [*Id.* at 4–8].

Defendants state that Plaintiff did not follow the procedure for challenging confidentiality designations pursuant to the parties' Protective Order [*Id.* at 8].  Regardless, Defendants argue that the redactions serve compelling interests, explaining that "Defendants' affiliates negotiated rates

2

of payment for emergency medicine services with [Blue Cross NC] and memorialized those rates in a confidential network agreement" [*Id*. at 9 (citation omitted)]. According to Defendants, "Publicizing these rates will unnecessarily place Defendants at a competitive disadvantage in relation to future pricing negotiations—all other payors will have access to information regarding the rates at which Defendants agreed to provide services to [Blue Cross NC] members, and those payors will be less willing to agree to different rates" [*Id*. (citation omitted)]. In addition, Defendants state that "publicizing the rate information will allow [their] competitors to attempt to undersell Defendants in network negotiations with [Blue Cross NC] and other payors" [*Id*. at 10 (citation omitted)]. While Plaintiff Buncombe County argues that the rates are not trade secrets, Defendants contend that "the Court's authority with respect to the nondisclosure of certain information is broader" [*Id*. at 10–11 (citation omitted)]. Defendants state that Plaintiff Buncombe County omitted from its argument that Blue Cross NC, a non-party, has a "justifiable expectation of privacy" in the rates [*Id*. at 11 (citation omitted)]. Further, Defendants argue that "[t]he proposed redactions do not impair the public's right to access information about which the public maintains an interest" [*Id*. at 12–13 (citation omitted)]. According to Defendants, "the amounts [Blue Cross NC] paid Defendants for particular medical care is of no recognizable importance to the general public[,]" nor is it relevant to the pending motion to compel [*Id*. at 13]. They state that the redactions are narrowly tailored [*Id*. at 14–15]. In support of their request, Defendants filed the Declaration of Kent Bristow, the Senior Vice President, Revenue Management for Defendant TeamHealth [Doc. 90-1].

On November 22, 2022, the Court entered the Memorandum and Order Regarding Sealing Confidential Information ("Order") [Doc. 5] that sets forth the standard and procedure for filing material under seal. With respect to the standard, the Order states that a party requesting leave to

3

seal documents has a "very high barrier . . . to overcome the presumption of openness as to a court's record" [*Id*. at 1 (citation omitted)]. A party requesting that documents be sealed must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations" [*Id*. at 2 (citation omitted)]. The Court may seal documents upon a finding of good cause. E.D. Tenn. L.R. 26.2.

As noted above, Defendants filed Mr. Bristow's declaration, who explains that medical providers provide "services to patients 'out of network' or 'in network'" [Doc. 90-1 ¶ 4]. "In network" generally means that the provider has "a contract with an entity that is financially responsible for the patient's medical services" ("PAR contract") [*Id*. ¶ 5]. According to Mr. Bristow, "PAR contracts are heavily negotiated and almost always confidential" [*Id*.]. He states that the parties to a PAR contract "almost always agree to keep payment rates in such contracts confidential" [*Id*. ¶ 6]. This is because "disclosing agreed rates of payment would substantially prejudice providers in rate negotiations with other payors" [*Id*.]. He adds that "[t]he information that [Plaintiff Buncombe County] seek[s] to unseal references the rates that ECC and SEP on the one hand, and [Blue Cross NC] on the other hand, agreed to after negotiations" [*Id*. ¶ 7]. Mr. Bristow provides, "These rates were memorialized in confidential PAR agreements between ECC, SEP, and [Blue Cross NC]" [*Id*. ¶ 7]. Such disclosure, Mr. Bristow states, puts "[Defendant] TeamHealth's affiliates at a commercial disadvantage in negotiations" within and outside of North Carolina [*Id*. ¶ 8].

The Court notes that "companies have a compelling interest in protecting confidential information when disclosure on the public docket would 'give a significant advantage to competitors of the parties in this action.'" *Pro. Investigating & Consulting Agency, Inc. v. SOS Sec. LLC*, No. 2:19-CV-3304, 2022 WL 16706688, at *2 (S.D. Ohio Nov. 4, 2022) (quoting *Total*

*Quality Logistics, LLC v. Riffe*, No. 1:19-CV-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020).  Here, Defendants do not sufficiently describe the significant advantage to their or their affiliates' competitors, but instead, merely state that disclosure places their affiliated entities at a commercial disadvantage.  In light of the limited information Plaintiff Buncombe seeks to unseal (i.e., two redactions in the Memorandum that consistent of the approximate ranges of bills that Plaintiff Buncombe County paid), the Court is not convinced at this point that sealing outweighs the public interest.  While Defendants state that these rates are subject to confidentiality agreements, Plaintiff Buncombe County does not appear to be subject to a confidentiality agreement, and "Plaintiff [Buncombe County] has not sought to put 'rates of payment' or any network agreement or rate formula into evidence" [Doc. 90 p. 8 n.4].  Indeed, as noted above, "[a]ll [it] seeks to unseal is a statement for an approximate range . . . of what it paid [Defendant] TeamHealth for five bills for five ER visits, between 2021 and 2022, billed at levels CPT 99284 and 99285" [*Id.*].

Defendants, however, claim that these rates are subject to confidentiality agreements of non-parties.  Given that non-parties have an interest in protecting this information, the Court will allow any non-party an opportunity to respond.  *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation." (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).[2]

## II.    CONCLUSION

For the reasons stated above, Defendants **SHALL** provide a copy of this Order to any interested non-party on or before **January 6, 2025**.  To the extent any non-party wishes this

---

[2]      The Joint Status Report states that Blue Cross NC requested the information be sealed and agreed with Defendants' position [Doc. 90 p. 12].

5

information to remain sealed, it may file a brief on or before **January 13, 2025**, outlining the reasons why it should remain sealed.

      **IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge