UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

CITY OF PLAQUEMINE, individually           )
and on behalf of those similarly situated,  )
                                            )
                    Plaintiffs,             )          3:23-CV-111-DCLC-DCP
                                            )
        v.                                  )
                                            )
TEAM HEALTH HOLDINGS, INC., et al.,         )
                                            )
                    Defendants.             )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff City of Plaquemine's (the "City") Motion for Voluntary Dismissal Without Prejudice Under Rule 41 [Doc. 169]. Defendants responded [Doc. 180]. This matter is now ripe for resolution. For the following reasons, the City's motion is **GRANTED**.

The City moved for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). [Doc. 169]. The City had previously moved to withdraw its class allegations against Defendants and sought to stay its individual claims until after the class certification issues were fully litigated in the related *Buncombe County* action.[1] [Doc. 123]. Now, the City seeks to dismiss its individual claims without prejudice because "its new administration is focused on other priorities, and it is unable to participate in the rigors of litigation." [Doc. 169, pg. 1].

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The purpose of the rule requiring dismissal by court order is "to protect the nonmovant

---

[1]        *Buncombe County v. Team Health Holdings, Inc., et al.*, No. 3:22-cv-00420. *See* [Doc. 63].

from unfair treatment" and generally courts grant dismissal unless the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice. *Id.* In determining whether a defendant will suffer plain legal prejudice, courts consider:

> (1) the defendant's effort and expense of preparation for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation for the need to take a dismissal, and (4) whether a motion for summary judgment has been filed by the defendant.

*Id.*

The City contends that these four factors support voluntary dismissal and will not prejudice Defendants because any effort or expense incurred preparing for trial has likewise been spent in defending against Buncombe County's claims in the ongoing related case. [Doc. 169, pgs. 2–3]. It argues that it has not engaged in excessive delay and has diligently engaged in class discovery by responding to discovery requests and facilitating third party discovery from the Louisiana Municipal Risk Management Agency and Risk Management, Inc. Regarding the third factor, it contends that the City "has been required to shift its focus to other priorities to serve its citizens and no longer wishes to participate in this litigation." *Id.* pg. 2. Lastly, Defendants have not filed a motion for summary judgment in this action or in the related Buncombe County action.

Defendants responded and while they do not object to the City's motion for voluntary dismissal without prejudice, Defendants note the City's apparent use of the requested dismissal to avoid its obligation to appear for a deposition. [Doc. 180, pgs. 1–2]. Defendants state that they had previously noticed the City's deposition for October 22, 2025, and agreed to reschedule at the City's request for December 22, 2025. *Id.* at 2. Defendants sought an extension of the Phase 1 discovery deadline to conduct this deposition, which the Court granted. [Doc. 167]. Ultimately, Defendants do not seek to compel the City's deposition in this response, but "reserve their rights

to seek appropriate relief to protect Defendants from prejudice arising from Plaquemine's refusal to participate in discovery." [Doc. 180, pg. 3].

The Court finds that the City has provided sufficient explanation for its requested voluntary dismissal without prejudice and dismissal would not cause Defendants to suffer "plain legal prejudice." *Grover*, 33 F.3d at 718. Given this matter was consolidated with the Buncombe County action for class certification purposes, Defendants' time and expense defending against the City's claims will not go to waste and Defendants have not yet moved for summary judgment. The City has actively engaged in responding to class discovery requests and although it has avoided its deposition up until this point, Defendants reserve their right to seek appropriate relief. [Doc. 180, pg. 3]. Accordingly, the City's motion for voluntary dismissal without prejudice [Doc. 169] is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**. The City's prior motion to withdraw its class allegations against Defendants and stay its individual claims [Doc. 123] is **DENIED AS MOOT**. An appropriate judgment will enter.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge